IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THADDEUS JASON KAROW,

                Plaintiff,

v.

NURSE HEYDE, NURSE ANDERSON,
DR. HANNULA, WARDEN PUGH,
LAUREN NELSON-BOBB, SGT. BOWE,
C.O. II HAND, C.O. II RAISANEN,
C.O. II SEICHTER, SGT. WALTER,
C.O. II SNIDER, SGT. CLARK,
C.O. II RUEBRANDY, and C.O. II KIEFFER,

                Defendants.

ORDER

14-cv-395-jdp

---

       Pro se plaintiff Thaddeus Jason Karow, an inmate at the Stanley Correctional Institution (SCI), brings claims that prison staff failed to adequately treat his severe knee pain and then unreasonably kept him shackled to his bed when he was ultimately sent to the hospital.

       Several motions are before the court.

### A. Motion to dismiss defendant Pugh

       Defendants have filed a motion to dismiss defendant Warden Jeffrey Pugh from the lawsuit, Dkt. 18, because plaintiff stated in the caption of his complaint that "Pugh is served in his official capacity," Dkt. 7, at 1, and plaintiff cannot recover damages against Pugh (because a claim for damages against a government official in his official capacity is barred by sovereign immunity) and can no longer receive injunctive relief against him (because Pugh is no longer the warden of SCI).

I will deny this motion because this court construes plaintiff's *pro se* filings generously, *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Reading plaintiff's allegations generously at screening, I concluded that he stated an Eighth Amendment claim against Pugh in his *individual* capacity:

> Plaintiff casts his claim against defendant Warden Pugh as a due process claim, but it is more properly characterized as a deliberate indifference claim in the same vein as his claims against the correctional officers: that Pugh approved a policy of shackling hospitalized prisoners regardless whether they were actually a security risk. This may be a difficult claim to prove at summary judgment or trial because plaintiff will have to show that Pugh acted with deliberate indifference to the risk of harm, but at this point he has alleged enough for the claim to go forward.

Dkt. 8, at 5-6. Under *Haines*, I will not hold plaintiff to the statement that he is suing Pugh solely in his official capacity when his allegations suggest that he is suing Pugh in both his individual and official capacities. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (concluding that allegations that senior officials were personally "responsible for creating the policies, practices and customs that caused the constitutional deprivations . . . suffice at this stage in the litigation to demonstrate . . . personal involvement in [the] purported unconstitutional conduct"). Accordingly, I will deny defendants' motion to dismiss Pugh. But to the extent that plaintiff seeks injunctive relief from Pugh in his official capacity, I will substitute Reed Richardson, the current SCI Warden, on the claim for injunctive relief under Federal Rule of Civil Procedure 25(d).

B. Motion for appointment of counsel

Plaintiff has filed a motion for appointment of counsel, Dkt. 30. I do not have the authority to appoint counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve voluntarily in that capacity.

To show that it is appropriate for the court to recruit counsel, plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has submitted several such letters, so this requirement has been satisfied.

Second, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff argues that he does not have sufficient legal training to litigate the issues in this case, but this is a very common handicap among pro se filers. It is not yet clear that counsel is necessary based on the difficulty of the early phases of the case.

Plaintiff also argues that counsel is necessary because he has been denied discovery regarding policies and staff movement relating to the events of this case, and the shackling of prisoners in general, for security reasons. This is not an insurmountable impediment at this point. Plaintiff is free to file a motion to compel discovery regarding these documents and explain why he needs particular documents. One possible solution to the problem facing plaintiff is for the court to require defendants to submit the relevant information *in camera* so that I may consider any claimed security reason for withholding documents. I will deny

3

plaintiff's motion to recruit counsel without prejudice to him renewing his motion later in the case, particularly if complex medical issues come to the fore.

**C. Motion to amend complaint**

Plaintiff has filed a motion to amend the complaint, Dkt. 35, stating that, through discovery, he has discovered errors in his pleadings and has uncovered new defendants. However, plaintiff has not submitted his proposed amended complaint, so it is impossible to tell whether it is appropriate to grant him leave to amend. I will deny his motion without prejudice. In conjunction with other scheduling issues discussed below, I will give him a short time to submit an amended complaint.

**D. Motion to amend schedule**

In light of plaintiff's pending proposed amended complaint, defendants request that the current scheduling order be amended to allow time for this submission. The only deadline that appears to be affected is the February 5, 2016, dispositive motions deadline. Defendants state that plaintiff has suggested April 1, 2016, as a new dispositive motions deadline, but that they would prefer a scheduling conference.

At this point, the schedule can accommodate a deadline for plaintiff to submit his proposed amended complaint and a new dispositive motions deadline without affecting the August 15, 2016, trial date or other pretrial deadlines. So at present I see no need for a scheduling conference. I will give plaintiff until February 5, 2016 to submit his amended complaint and move the dispositive motions deadline to April 1, 2016. Defendants remain free to ask for further modification of the schedule, including via scheduling conference, but they will need to explain why a conference is necessary.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss defendant Jeffrey Pugh, Dkt. 18, is DENIED.

2. Reed Richardson is substituted for defendant Pugh regarding plaintiff Thaddeus Jason Karow's claim for injunctive relief. Pugh remains in the case as a defendant on a claim for damages.

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 30, is DENIED without prejudice.

4. Plaintiff's motion to amend his complaint, Dkt. 35, is DENIED without prejudice.

5. Defendants' motion to amend the schedule, Dkt. 43, is GRANTED. Plaintiff may have until February 5, 2016, to submit his proposed amended complaint. The new dispositive motions deadline is April 1, 2016.

Entered January 19, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

5