IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THADDEUS JASON KAROW,

                      Plaintiff,

    v.

NURSE HEYDE, NURSE ANDERSON,
DR. HANNULA, WARDEN PUGH,
LAUREN NELSON-BOBB, SGT. BOWE,
C.O. II HAND, C.O. II RAISANEN,
C.O. II SEICHTER, SGT. WALTER,
C.O. II SNIDER, SGT. CLARK,
C.O. II RUEBRANDY, and C.O. II KIEFFER,

                      Defendants.

ORDER

14-cv-395-jdp

---

    Pro se plaintiff Thaddeus Jason Karow, an inmate at the Stanley Correctional Institution (SCI), brings claims that prison staff failed to adequately treat his severe knee pain and then unreasonably kept him shackled to his bed when he was ultimately sent to the hospital. Several motions are currently before the court.

**A. Suggestion of death**

    On December 4, 2015, defendants submitted a suggestion of death notice under Federal Rule of Civil Procedure 25, stating that defendant Kathryn R. Heyde died on September 1, 2015. Plaintiff responded by filing a motion to substitute "Heyde's successor or representative" as a party. Dkt. 42. In response, defendants state that they have located Heyde's personal representative and that the attorney general has accepted service on the estate's behalf. I will grant plaintiff's motion and direct the clerk of court to amend the caption to substitute "The Estate of Kathryn R. Heyde" for Heyde.[1]

---

[1] The state says that it is not identifying defendant Heyde's personal representative on the

**B. Amended complaint**

In the court's January 19, 2016, order, I denied plaintiff's motion to amend the complaint because he had not submitted a proposed amended complaint and there was no way to tell whether it was appropriate to grant him leave. Dkt. 44, at 4. I gave plaintiff a short time to file a proposed amended complaint. *Id*. Plaintiff has now renewed his motion to file an amended complaint, Dkt. 46, and has submitted a proposed amended complaint, Dkt. 47. Defendants have filed a motion asking the court to screen the complaint. I will grant plaintiff's motion for leave to file an amended complaint and defendants' motion to screen the complaint.

In his new amended complaint, plaintiff states that he incorrectly identified two of the previously named defendants. Plaintiff has already been allowed to proceed on claims against defendants Nurse Anderson and C.O. Ruebrandy, but plaintiff wishes to amend his complaint to substitute Patricia Sherreiks for Anderson and C.O. Ruehrdanz for Ruebrandy. I will allow plaintiff to make these substitutions, and will direct the state to notify the court whether it chooses to accept service for these defendants.

Plaintiff also adds new defendants Warren Dohms, Sandra Cooper, Eric Speckhart, Michael Kasten (all captains), Lt. Tabor, and James Launderville (both lieutenants). Plaintiff states that these defendants supervised the correctional officers who kept plaintiff shackled to his hospital bed following knee surgery despite the discomfort and pain it caused him. Plaintiff states that the new defendants knew that the shackling was harming plaintiff yet

---

record because of plaintiff's status as an inmate. Although there seems to be little reason to withhold the identity of the personal representative, as opposed to the address of that person (the addresses of public-official defendants are usually shielded from prisoner plaintiffs in this court), there is no reason to think plaintiff is prejudiced by this lack of disclosure.

continued to order the correctional officers to restrain him at all times. This is sufficient to state Eighth Amendment claims against each of the new defendants, and I will allow him to add these defendants to the case.

**C. Motions to compel**

Plaintiff has filed two motions to compel discovery. Dkt. 49 and 70.

### 1. Prison policies

In his first motion to compel, plaintiff asks for copies of the prison policies related to his shackling, particularly the policies related to off-site trips like plaintiff's hospital stay. Defendants are understandably reluctant to share information with plaintiff about security procedures so that he or other inmates cannot exploit that information in an escape attempt. On the other hand, plaintiff needs to be able to litigate his case, and a key point is why defendant prison officials believe it is necessary to shackle a prisoner in his hospital bed even when doing so may be painful for the injured, presumably immobile prisoner.

In their briefing, both parties present reasonable alternatives to full disclosure. Defendants have agreed to give plaintiff at least some access to the policies that, from their titles, seem to be the most directly relevant policies at issue. Defendants state that they have produced or will produce an unredacted version of their "non-restricted" DAI Policy # 500.70.10 (Mechanical Restraints), redacted versions of DAI Policy # 306.00.13 (Transportation Medical Vigils) and SCI Policy 408.19 (Vigils at Local Hospital). The defendants also "will provide Karow access" to SCI's "Expectations and Rules for Vigil Officers at Local Hospitals" and to redacted documents pertaining to SCI "vigil guidelines and post orders."

For his part, plaintiff alternatively requests that defendants submit completely unredacted versions of the documents to the court so that I may review them *in camera*. I have previously suggested that this might be a way to handle these potentially sensitive documents, Dkt 44, at 3-4, so I will grant plaintiff's request and direct defendants to submit to the court under seal completely unreacted versions of all the policies discussed in this order. Plaintiff should respond to defendants' summary judgment motion as best he can given the redacted documents he receives, and should point out in his briefing what issues he is hindered in litigating due to the redactions. If I conclude that plaintiff is prejudiced by his inability to completely review certain policies, I will consider recruiting him counsel who can be given access to those policies.

The parties go on to dispute the disclosure of other policies. Plaintiff seeks disclosure of DAI Policy # 306.00.27 (Transportation of Inmates). Defendants argue that this policy is irrelevant to plaintiff's claims because those claims are about his shackling at the hospital, not the transportation to the hospital. I am not convinced that information in that policy is completely irrelevant to plaintiff's subsequent treatment at the hospital, so I will grant in part plaintiff's motion regarding this policy; defendants should provide plaintiff with a copy of this policy after redacting sensitive information as they have with other policies.

Plaintiff seeks policies pertaining to procedures for using force on prisoners, including "Principles Of Subject Control." Defendants argue that these materials are irrelevant because plaintiff's claims about the shackling are deliberate indifference claims regarding prison officials' disregard for the pain plaintiff suffered while he was shackled, as opposed to "excessive force" claims. But as I noted in screening plaintiff's claims, there is a fine line between the deliberate indifference standard and an excessive force analysis. *See* Dkt. 8, at 5

and 5 n.2 (considering excessive force standard in context of plaintiff's claims). Materials describing prison staff's philosophies about the use of force to restrain inmates are closely enough related to principles used in shackling inmates that use-of-force materials might be of use to plaintiff in this case. Accordingly, I will grant plaintiff's motion to compel disclosure of these materials, with the caveat that defendants may redact these materials to withhold sensitive security information. As with all of the other policies mentioned in this order, defendants must provide the court with unredacted copies.

A word of caution to plaintiff: although this order focuses on discovery disputes regarding prison policies, plaintiff should keep in mind that the policies are just one aspect of the issues on this case. To the extent that he alleges that the individual defendants violated his Eighth Amendment rights through their actions in keeping him shackled, he will have to show that they knew that the shackling would cause plaintiff harm yet chose to persist with that procedure. The policies may be of help to understand the context in which prison officials acted, but it is unlikely that the policies alone will prove his claims.

2. **Disciplinary records**

Plaintiff also asks for disciplinary reports or offender complaints against the security officer defendants regarding "the misuse of force, issue of restraints, or the abuse of an inmate" Dkt. 49, at 3. Defendants respond that none of those defendants have ever been disciplined regarding incidents similar to those raised by plaintiff. This is an adequate response regarding disciplinary records, but does not explain whether there are similar inmate grievances that could be disclosed. Defendants object to the request for grievances on the grounds that the request is overly broad and that there would likely be confidential medical information contained in those grievance materials. Plaintiff also seeks grievances or incident

5

reports regarding the defendants who are medical personnel, for the purposes of proving his claim that the medical defendants failed to properly treat him. Defendants also object to these requests as overbroad and note the high likelihood of confidential medical information being present in those reports.

    I largely agree with defendants that his requests are overly broad, and it is difficult to tell what possible use plaintiff might have for these documents. Plaintiff suggests that he would use this evidence to show a defendant's habit under Federal Rule of Evidence 406, but it is unrealistic to think that plaintiff could use other prisoners' allegations in grievances to show a defendant's habit for violating prisoners' rights with regard to the specific circumstances present in this case. But this court has generally allowed a prisoner plaintiff to discover incidents in which a defendant was shown to be liable for committing misconduct similar to that alleged in the case at hand, because the prior misconduct could be used to prove that the defendant acted deliberately rather than accidently or negligently. *See, e.g.*, *Leiser v. Schrubbe*, No. 11-cv-254-slc, slip op. at 4-5 (W.D. Wis. Aug. 7, 2012); *Salas v. Grams*, No. 09-cv-237-slc, slip op. at 2 (W.D. Wis. Oct. 30, 2009). The information provided by defendants thus far makes it seem unlikely that there are any such incidents, but I will grant plaintiff's motion to compel production of disciplinary, grievance, or court proceedings in which any of the named defendants were found liable for violating a prisoner's right to adequate medical care, or for unnecessarily shacking an inmate. The same rules as above apply for redacting and submitting *in camera* these records.

    To the extent that plaintiff asks for Bureau of Health Services disciplinary records, defendants object, stating that BHS is not a party to the case. But I see no reason to consider these records off limits any more than I would allow defendants to stonewall plaintiff on the

6

prison policies because they are "Department of Corrections" records rather than records possessed by the individual defendants. Any defendant who has in fact been disciplined by BHS should be able to acquire a copy of those records to disclose to plaintiff.

### 3. Interrogatories

In his second motion to compel, plaintiff objects to various defendants' responses to an interrogatory asking whether each defendant "personally believed that the plaintiff posed a substantial risk to escape or any risk of harm to anyone . . . ." *See* Dkt. 70, at 2. Plaintiff believes that defendants evaded answering his question. For instance, several of the defendants responded that all inmates pose security risks. Although these are more general responses than plaintiff was looking for, they are acceptable; defendants are saying that plaintiff was considered a risk because all inmates are considered a risk.

Defendants Bowe and Kieffer gave different responses. Bowe stated, "Due to Inmate Karow's classification as a medium security inmate the policy was followed in regard to the use of restraints." Kieffer stated "Inmate Karow was housed at the Stanley Correctional Institution, which is medium security. All inmates will be restrained to prevent the possibility of escape or harming anybody." Dkt. 70, at 2-3. These answers are arguably non-responsive to the question whether plaintiff posed a risk, as opposed to whether procedures were followed. I will grant plaintiff's motion to compel regarding these answers, and I will give Bowe and Kieffer a short time to submit new responses.

### D. Extension of summary judgment briefing deadlines

In a January 19, 2016, order, I extended the dispositive motions deadline about as far as it could be moved while still preserving the August 15, 2016 trial date. But given the new claims and discovery concerns raised by plaintiff, he has filed two motions to extend the

7

summary judgment briefing deadlines. I will grant these motions and set new deadlines for supplemental summary judgment briefing on plaintiff's new claims and any issues raised by the additional discovery he will be receiving as a result of this order. The new schedule is as follows:

- Defendants' deadline to submit supplemental summary judgment briefing on plaintiff's new claims: June 3, 2016

- Plaintiff's deadline to respond to the defendants' summary judgment briefing on the new claims and to supplement his existing summary judgment response with proposed findings or arguments stemming from the additional discovery ordered in this opinion: July 1, 2016

- Defendants' reply: July 15, 2016

In light of this amended schedule, I will strike the August 15, 2016, trial date and accompanying pretrial submission deadlines, and set a new schedule if necessary following a ruling on defendants' motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff's Thaddeus Jason Karow's motion to substitute the successor of defendant Kathryn R. Heyde as a party, Dkt. 42, is GRANTED. The clerk of court is directed to amend the caption to substitute "Estate of Kathryn R. Heyde" for Heyde.

2. Plaintiff's motion for leave to submit a new amended complaint, Dkt. 46, is GRANTED.

3. Defendants' motion for the court to screen plaintiff's complaint, Dkt. 48, is GRANTED.

4. Plaintiff's new amended complaint, Dkt. 47, is now the operative pleading.

5. Defendant Patricia Sherreiks is substituted for defendant Anderson and defendant C.O. Ruehrdanz is substituted for defendant Ruebrandy.

6. Plaintiff is GRANTED leave to proceed on Eighth Amendment claims against defendants Warren Dohms, Sandra Cooper, Eric Speckhart, Michael Kasten Lt. Tabor, and James Launderville.

7. The state should notify the court whether it will be accepting service on behalf of each of the new defendants.

8. Plaintiff's motion to compel, Dkt. 49, is GRANTED in PART and DENIED IN PART as discussed in the opinion above. Defendants may have until May 24, 2016, to comply with the opinion's directives to disclose information to plaintiff and this court.

9. Plaintiff's motion to compel, Dkt. 70, is GRANTED IN PART. Defendants Bowe and Kieffer may have until May 24, 2016, to submit amended responses to plaintiff's interrogatories as discussed in the opinion above. Plaintiff's motion is DENIED in all other respects.

10. Plaintiff's motions for an extension of the existing summary judgment schedule, Dkt. 48 and 74, are GRANTED. The schedule is AMENDED as set forth above.

Entered May 10, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge